USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                          :
RICARDO VELASQUEZ,                                        :
                                                          :
                                     Plaintiff,           :              1:25-cv-1655-GHW
                                                          :
                    -against-                             :              ORDER
                                                          :
KENNEDY FRIED CHICKEN AND PIZZA,                          :
INC., *et al.*,                                           :
                                                          :
                                     Defendants.  :
-------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

By letter dated April 9, 2026, Plaintiff has informed the Court that this case has settled.[1]

Dkt. No. 31.  Accordingly, it is hereby ORDERED that this action be conditionally discontinued

without prejudice and without costs; provided, however, that within thirty (30) days of the date of

this Order, the parties may submit to the Court their own Stipulation of Settlement and Dismissal.[2]

Otherwise, within such time Plaintiff may apply by letter for restoration of the action to the active

calendar of this Court in the event that the settlement is not consummated.  Upon such application

for reinstatement, the parties shall continue to be subject to the Court's jurisdiction, the Court shall

promptly reinstate the action to its active docket, and the parties shall be directed to appear before

the Court, without the necessity of additional process, on a date within ten (10) days of the

application, to schedule remaining pretrial proceedings and/or dispositive motions, as appropriate.

---

[1] Plaintiff incorrectly believes that "[o]n March 11, 2026, an Order of Dismissal was signed . . . providing Plaintiff's counsel thirty (30) days within not [sic] to dismiss this matter."  Dkt. No. 31.  The Court has not entered such an order—and in fact, there is no order in this case dated March 11, 2026.  The last order in this case, which was dated March 4, 2026, did not dismiss this case; it merely adjourned the initial pretrial conference to a later date.  Dkt. No. 30. The Court expects that Plaintiff's counsel will review all docket entries more carefully moving forward.  Nonetheless, because the parties appear to have been operating under the mistaken assumption that this case was conditionally discontinued, the Court enters that order now.

[2] As explained in Rule 4(E) of the Court's Individual Rules of Practice in Civil Cases, the Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.

This Order shall be deemed a final discontinuance of the action with prejudice in the event that

Plaintiff has not requested restoration of the case to the active calendar within such 30-day period.

      The Clerk of Court is further directed to terminate all pending motions, adjourn all

remaining dates, and to close this case.

      SO ORDERED.

Dated:  April 9, 2026
       New York, New York

                               GREGORY H. WOODS
                           United States District Judge